KRISTINA S. HOLMAN #3742
1100 East Bridger Ave.
Las Vegas, Nevada 89101
Tel: (702) 614-4777
Fax: (702) 255-4779
email: kholmanlaw@gmail.com
 Attorney for Plaintiff,
ANA A. CHAN

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANA A. CHAN,

    Plaintiff,

vs.

TREASURE ISLAND CORP., a Nevada corporation, ROE CORPORATIONS I through X, inclusive; and DOES I through X, inclusive,

    Defendants.

**PLAINTIFF'S COMPLAINT**
**(Jury Demanded)**

COMES NOW PLAINTIFF, Ana A. Chan, and complains of Defendant, TREASURE ISLAND CORP. (hereinafter "Defendant" or "Treasure Island"), as follows:

## JURISDICTION AND VENUE

1.    This is a civil action for damages and injunctive relief to redress the deprivation of rights secured to Plaintiff, Ana A. Chan. This action comes under a variety of state and federal statutes prohibiting discrimination and to secure the protection of and to redress deprivation of rights under these laws and related tort claims.

2.    Plaintiff ( "Chan" or "Plaintiff") has statutory claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1991, ("1991 Civil Rights Act") and the Americans with Disabilities Act ("ADA").

3.    This action includes claims arising under the laws of the State of Nevada which are joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. § 1367(a). Ms. Chan, the Plaintiff, asserts she was harassed, treated differently, subjected to a hostile work environment, demoted and ultimately terminated from her employment because of her disability and/or race (Mexican).

4. Ms. Chan filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and signed her Charge of Discrimination on December 14, 2006, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference. Ms. Chan received a copy of the "Right to Sue" notice dated November 14, 2007 based upon the charge, and therefore fulfilled all jurisdictional requirements for the filing of this suit. She has filed her lawsuit within 90 days of her receipt of the 11/14/07 Right to Sue notice.

5. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada.

## THE PARTIES

6. Plaintiff, Ms. Chan, at all times relevant to this Complaint, is a resident of Clark County, Nevada and at all times herein was employed by the Defendant, Treasure Island, from January 1993 through July 6, 2006.

7. Defendant Treasure Island is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended. Treasure Island was engaged in an industry affecting commerce or in the production of goods for commerce. Treasure Island is licensed to do business in Clark County, Nevada, and the unlawful employment practices stated below were committed within the State of Nevada.

8. As an employer in Nevada with over 500 employees, Treasure Island is required to comply with all state and federal statutes which prohibit harassment, discrimination because of disability and/or race.

9. DOE Defendants I through X, inclusive, and ROE CORPORATIONS, I through X, inclusive, are persons, corporations or business entities who are or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants, or who may be individual officers or employees of the named Defendants. The true identities of the DOE Defendants and ROE CORPORATIONS are unknown to Plaintiff at this time. Plaintiff therefore alleges that DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, may be responsible in part for the damages or injuries suffered by Plaintiff as a result of their own wrongful actions and/or those of their agents and/or employees. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE and

1  ROE Defendants I-X, inclusive, are revealed to Plaintiff.

**FACTS**

10. Ms. Chan, a Mexican female, began her employment with Treasure Island in or about January 1993.

11. In December 2005, Ms. Chan went on short term disability. Upon return she was subjected to harassment by her immediate supervisor.

12. Ms. Chan was reprimanded for items which were not her fault, and her workload was increased.

13. When Ms. Chan complained, nothing was done to resolve the problem.

14. Ms. Chan was also disciplined for speaking Spanish and writing notes in Spanish to a Spanish-speaking employee.

15. On or about July 6, 2006, Ms. Chan was discharged from her employment with Treasure Island

16. Ms. Chan contends that her termination from her employment was a pretext for race and/or disability discrimination.

**FIRST CAUSE OF ACTION**
*Race Discrimination Under Federal*
*Anti-Discrimination Statute*

17. Plaintiff, Ms. Chan, repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16 above as if fully set forth.

18. Defendant Treasure Island was aware of the conduct of its management employees and/or employees in engaging in harassing or discriminatory conduct toward Ms. Chan.

19. Defendant Treasure Island, as employer, knew or should have known of its long-standing obligation to maintain a workplace free of harassment and discrimination based on race.

20. Defendant Treasure Island failed to take reasonably adequate steps to prevent race discrimination and harassment in its workplace.

21. Defendant Treasure Island failed to institute effective institutional policies to remedy complaints about conduct which might constitute discrimination based on race, including harassment.

22. Defendant Treasure Island discriminated against Ms. Chan based on her race in that she

1  was subjected to different terms and conditions of employment and was subjected to harassment.

2      23.    Ms. Chan has suffered serious mental distress as result of this unlawful discrimination.

3      24.    The above-described acts of Treasure Island are wanton, willful, malicious and done with a conscious disregard for Ms. Chan's federally protected rights. Ms. Chan has suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

    25.    It has been necessary for Ms. Chan to retain the services of an attorney and she should be compensated therefor.

## SECOND CAUSE OF ACTION
*Disability Discrimination Under Federal Anti-Discrimination Statute*

26.  Plaintiff, Ms. Chan, repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 above as if fully set forth.

27.  Defendant Treasure Island was aware of the conduct of its management employees and/or employees in engaging in harassing or discriminatory conduct toward Ms. Chan.

26.  Defendant Treasure Island, as employer, knew or should have known of its long-standing obligation to maintain a workplace free of harassment and discrimination based on disability.

27.  Defendant Treasure Island failed to take reasonably adequate steps to prevent disability discrimination and harassment in its workplace.

28.  Defendant Treasure Island failed to institute effective institutional policies to remedy complaints about conduct which might constitute discrimination based on disability, including harassment.

## THIRD CAUSE OF ACTION
*Injunctive Relief*

29.  Plaintiff, Ms. Chan, repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 28 above as if fully set forth.

30.  That pursuant to 42 U.S.C. § 2000e-2 *et seq.*, Ms. Chan seeks injunctive relief requiring that Treasure Island reinstate her employment with full restoration of seniority and benefits; correct its past discriminatory practices; and take appropriate steps to ensure that all

1  employees are afforded a workplace free of unlawful race and disability discrimination.

2  31. Plaintiff seeks injunctive relief from this Court requiring Treasure Island to take all steps necessary to evaluate the existence of conduct in its workplace which might constitute discrimination and institute effective educational and prevention programs to prevent or remedy conduct which might constitute discrimination based on disability and race; and to take appropriate disciplinary action against all employees who participated in, tolerated or failed to act to prevent, stop or remedy the acts of race and disability discrimination against Ms. Chan.

32. The above-described acts of Defendant Treasure Island are wanton, willful, malicious and done with a conscious disregard for Ms. Chan's federally protected rights. Ms. Chan has suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

## FOURTH CAUSE OF ACTION

### *Intentional Infliction of Emotional Distress*

33. Plaintiff, Ms. Chan, repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 above as if fully set forth.

34. The aforementioned actions of Defendant Treasure Island, in addition to being illegal, constitute extreme and outrageous conduct and were performed with the intent or reasonable knowledge or reckless disregard that such actions would cause severe emotional harm and distress to Plaintiff Chan, and did in fact cause such harm.

35. The other Defendants(Defendants Doe/Roe) authorized and/or ratified the conduct of Defendants by failing to take measures to prevent further recurrences.

36. The aforementioned conduct of the other Defendants is extreme and outrageous and was performed with the intent or reasonable knowledge or reckless disregard that such actions would cause severe emotional harm to the Ms. Chan, and did in fact cause such harm.

37. As a result, Ms. Chan has suffered damages and she is entitled to recover compensatory and punitive damages related thereto.

38. It has been necessary for Ms. Chan to retain the services of an attorney and she should be compensated therefor.

///

## FIFTH CAUSE OF ACTION

### *Negligent Infliction of Emotional Distress*

39. Plaintiff, Ms. Chan, repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38 above as if fully set forth.

40. Defendant Treasure Island owed a duty to exercise due care not to subject Ms. Chan to foreseeable risk of mental, emotional, and/or physical injury, and Defendant Treasure Island knew or reasonably should have known that such acts and/or omissions of Defendant Treasure Island as herein alleged, were likely to result in mental, emotional and/or physical injury to Ms. Chan.

41. Defendant Treasure Island, while engaging in the aforementioned conduct, did negligently inflict extreme mental and emotional distress, indignity, embarrassment, and humiliation upon Ms. Chan.

42. As a direct and proximate result of the Defendant Treasure Island's negligent infliction of such emotional distress, Ms. Chan has suffered damages and she is entitled to recover compensatory damages and other damages related thereto.

43. It has been necessary for Ms. Chan to retain the services of an attorney and she should be compensated therefor.

WHEREFORE, Plaintiff Ana A. Chan prays for the following relief:

1. A trial by jury on all issues;
2. All employment-related losses including but not limited to back pay, front pay, benefits, and commissions subject to proof;
3. All compensatory, special and general damages allowed by law;
4. Injunctive relief, including reinstatement, as set forth above;
5. Attorneys' fees and costs of suit incurred herein;
6. Prejudgment interest;
7. Punitive damages in an amount sufficient to punish and deter Defendant from

///
///
///

engaging in any such conduct in the future and as an example to other employers not to engage in such conduct; and

    8.    For such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 13th day of February, 2008.

By: *Kristina S. Holman*
KRISTINA S. HOLMAN #3742
1100 East Bridger Ave.
Las Vegas, Nevada 89101
Attorney for Plaintiff,
Ana A. Chan

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>487-2007-00176 |
|---|---|---|

Nevada Equal Rights Commission _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Mrs. Ana A. Chan | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|

Street Address _____ City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>TREASURE ISLAND/ Cirque Du Soleil | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(702) 894-7111 |
|---|---|---|

Street Address: 3300 S.Las Vegas Blvd, Las Vegas, NV 89109

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____ Latest: 07-07-2006
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the Respondent on January of 1993, My latest job title was of Craft Technician.

On or about December 2005, I went on short term disability. I returned from short term disability on or about June 2006.

When I returned from short term disability I was subjected to harassment by my immediate supervisor Tamara Summers in that I was constantly being reprimanded and written up for whatever was going wrong in the department even if not my fault. Furthermore, my work load increased when I was left by myself to do all the job duties that were performed by Maria Derugama (Supervisor).

I complained of the treatment to Human Resources on several occasions but nothing was done to resolve the issues.

I also believe that I was discriminated against due to my national origin, Mexican, when I was reprimanded for talking in Spanish or leaving notes in Spanish to a Spanish speaking employee.

I was terminated on July 6, 2006.

I believe I was discriminated against, in violation of the American with Disabilities Act of 1990, and because of my national origin, Mexican, in violation of Title VII of the Civil Rights Act of 1964, as amended

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Dec 14, 2006
Date — Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

Exhibit A